1  RONALD WILCOX, Bar No. 176601
   1900 The Alameda Ste., 530
2  San Jose, CA 95126
   Tel: 408-296-0400
3  Fax: 408-296-0486
   ronaldwilcox@gmail.com
4
   IVAN LOPEZ VENTURA, Bar No. 255743
5  5155 West Rosecrans Avenue Ste., 224
   Hawthorne, CA 90250
6  Tel:  714-788-4804
   Fax:  949- 266-8230
7  lopezesq@gmail.com

8  Counsel for the Plaintiffs
   MARTINA URIBE
9  JUAN URIBE FERNANDEZ
   MARIBEL URIBE

10

11            **IN THE UNITED STATES DISTRICT COURT**

12          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13                    **(SAN DIEGO DIVISION)**

14  MARTINA URIBE                    ) Case No.:  **'15CV1268 AJB  RBB**
    JUAN URIBE FERNANDEZ             )
15  MARIBEL URIBE                    ) **COMPLAINT FOR:**
                                     )
16          Plaintiff,               ) **1. VIOLATIONS TO THE RFDCPA;**
                                     )
17      v.                           ) **2. INTRUSION UPON SECLUSION;**
                                     )
18  21st MORTGAGE CORPORATION;  ) **3. NEGLIGENCE;**
    DOES 1 THROUGH 10                )
19                                   ) **4. VIOLATIONS TO THE TCPA;**
                                     )
20                                   ) **5. NEGLIGENT TRAINING AND**
                                     )    **SUPERVISION;**
21          Defendants.              )
                                     ) **DEMAND FOR JURY TRIAL**
22  _____ )

23

24

25

COMPLAINT

1

# **INTRODUCTION**

1. Defendants placed at least three-hundred and fifty (350) telephone calls and text messages to Plaintiffs, after they were asked to cease calling, from approximately June to December 2014, in an attempt to collect a debt, This was despite Plaintiff's repeated requests it cease.  Defendant placed telephone calls to Plaintiff's cellular phone, and left messages, without their consent.  On numerous occasions Defendant would hang up without even leaving a message.

2. Defendants violated the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Telephone Consumer Protection Act, intruded upon Plaintiffs' seclusion and negligently inflicted emotional distress.

3. Defendants' unlawful conduct caused Plaintiff MARTINA URIBE severe and substantial emotional distress, including physical and emotional harm, including but not limited to: anxiety, stress, headaches (requiring ibuprofen), migraine, sleeping issues (requiring over the counter health aids), anger, embarrassment, humiliation, frustration, shame, lack of concentration, amongst other injuries and negative emotions.

4. Defendants' unlawful conduct caused Plaintiff JUAN URIBE FERNANDEZ severe and substantial emotional distress, including physical and emotional harm, including but not limited to: anxiety, stress, sleeping issues (requiring over the counter health aids), anger, embarrassment, humiliation, depression, frustration, shame, lack of concentration, back pain, nervousness, marital problems, loss of enjoyment of life, amongst other injuries and negative emotions.

5. Defendants' unlawful conduct caused Plaintiff MARIBEL URIBE severe and substantial emotional distress, including physical and emotional harm, including but not limited to: anxiety, stress, shoulder pain (requiring ibuprofen), sleeping issues (requiring over the counter health aids), anger,

COMPLAINT

embarrassment, humiliation, loss of enjoyment of life, frustration, shame, lack of concentration, family problems, amongst other injuries and negative emotions.

6. Defendants have a history and plan of unlawful collection practices. *Hunt v. 21st Mortg. Corp.*, 2014 U.S. Dist. LEXIS 57804 (N.D. CAL 2014).

7. According to the Federal Fair Debt Collection Practices Act, 15 U.S.C.1692, which the RFDCPA incorporates:

   (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices **contribute to the number of personal bankruptcies**, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under Title 47 U.S.C section 227 (g)(2) and 28 U.S.C. section 1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. section 1367.  Defendants have offices and do business here in California, and therefore personal jurisdiction is established.

9. Venue is proper because Defendants regularly transact business in this county and the conduct complained of occurred here.

## PARTIES

10. Plaintiff, MARIBEL URIBE ("Maribel"), is a natural person as defined by Cal. Civil Code section 1788.2(g) and resides in in Lawndale, California (Los Angeles County).  Plaintiff is also a "debtor" as that term is defined by Cal. Civil Code section 1788.2(h).

COMPLAINT

11. Plaintiff, JUAN URIBE FERNANDEZ ("Juan"), is a natural person as defined by Cal. Civil Code section 1788.2(g) and resides in Lawndale, California (Los Angeles County).  Plaintiff is also a "debtor" as that term is defined by Cal. Civil Code section 1788.2(h).

12. Plaintiff, MARTINA URIBE ("Martina"), is a natural person as defined by Cal. Civil Code section 1788.2(g) and resides in in Lawndale, California (Los Angeles County).  Plaintiff is also a "debtor" as that term is defined by Cal. Civil Code section 1788.2(h).

13. Defendant, 21st MORTGAGE ("DEFENDANT") is a "creditor" and "debt collector" as those terms are defined by Cal. Civil Code sections 1788.2(c) and 1788.2(i).  Defendant regularly collects debts on its own behalf, and engages in "debt collection" as that term is defined under Civil Code section 1788.2(b).

14. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff and who therefore are sued by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

15. Plaintiffs allege that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service, employment,

COMPLAINT

4

and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants.

16. Defendants authorized, approved and/or ratified the acts herein.

17. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Plaintiffs to refer to all the Defendants above.

## FACTUAL ALLEGATIONS

18. Maribel Uribe ("Maribel") allegedly became indebted to Defendants via a mobile home loan. The alleged "debt" was incurred for personal, family or household purposes and were "consumer credit transactions" as those terms are defined by California Civil Code §§ 1788.2(d) & (e). Defendants were attempting to collect a "debt" as that term is defined by Cal. Civil Code section 1788.2(d).

19. Juan Uribe Fernandez ("Juan") allegedly became indebted to Defendants via a mobile home loan. The alleged "debt" was incurred for personal, family or household purposes and were "consumer credit transactions" as those terms are defined by California Civil Code §§ 1788.2(d) & (e). Defendants were attempting to collect a "debt" as that term is defined by Cal. Civil Code section 1788.2(d).

20. Martina Uribe ("Martina") allegedly became indebted to Defendants via a mobile home loan. The alleged "debt" was incurred for personal, family or household purposes and were "consumer credit transactions" as those terms are defined by California Civil Code §§ 1788.2(d) & (e). Defendants were attempting to collect a "debt" as that term is defined by Cal. Civil Code section 1788.2(d).

COMPLAINT

21. Defendants placed at least one-hundred and fifty three (153) telephone calls and text messages to Plaintiff Maribel, from approximately June to September 2014, in an attempt to collect a debt, despite her requests it cease.

22. Defendant also place automated telephone dialing system calls to Plaintiff Maribel's cellular phone, and left messages, without her consent. On numerous occasions Defendants would hang up without even leaving a message.

23. On occasion(s) Defendants would call Plaintiff Maribel while she was at work. This was despite Plaintiff's requests Defendant cease calling her while she was at work.

24. On occasion(s) Defendants would email Plaintiff Maribel at work. This was despite Plaintiff's requests Defendant cease emailing her at her work email address.

25. On occasion(s) Defendants went in person to the home of Plaintiff Juan Uribe (who is Plaintiff Maribel's father) to collect this debt.

26. Defendant placed at least one-hundred and eighty seven (187) telephone calls and text messages to Plaintiff Juan, from approximately June to December 2014, in an attempt to collect a debt, despite his requests it cease.

27. Defendant also place automated telephone dialing system calls to Plaintiff's cellular phone, and left messages, without his consent. On numerous occasions Defendants would hang up without even leaving a message.

28. Defendant placed at least ten (10) telephone calls to Plaintiff Martina (Plaintiff Maribel's mother, and Plaintiff Uribe's wife), from approximately June to August 2014, in an attempt to collect a debt, despite her requests it cease.

29. Defendant also place automated telephone dialing system calls to Plaintiff's cellular phone without her consent. On occasions Defendants would hang up without even leaving a message.

COMPLAINT

## FIRST CLAIM FOR RELIEF - RFDCPA

*Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code §1788 et seq.)*

30. Plaintiff repeats and re-alleges, and incorporates by reference all the paragraphs above.

31. Defendants' acts and omissions, and course of conduct, as more fully described above, constitute numerous and multiple violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") et seq., including, but not limited to, the violations of §§ 1788 et seq., §§ 1788.11 and 1788.17.

32. Defendants violated California Civil Code § 1788.11, including 1788.11(d) and (e) by causing a telephone to ring repeatedly or continuously to annoy the person called; and communicating by telephone, with Plaintiff with such frequency as to be unreasonable frequency as to constitute a harassment under the circumstances.

33. Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692d), by engaging in conduct the natural consequence of which is to annoy, harass, oppress and abuse, including, but not limited to: failing to cease and desist, placing repeated and continuous telephone calls despite requests to cease, and calling at inconvenient times, and failing to meaningfully identify itself.

34. Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. §1692e), by making false, deceptive and/or misleading representations in an attempt to collect a debt, and taking action they could not legally take.

COMPLAINT

35. Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. §1692f), by engaging in an unfair and unconscionable act in an attempt to collect a debt.

36. As a result of Defendants' violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to Cal. Civil Code sections 1788.17 and 1788.30 (via incorporation of 15 U.S.C. 1692k).

## SECOND CLAIM FOR RELIEF – INTRUSION UPON SECLUSION

37. Plaintiffs repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as though fully stated herein.

38. Our legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the California's Fair Debt Collection Practices Act, when Congress stated, as part of its findings:

> **Abusive debt collection practices contribute** to the number of **personal bankruptcies**, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

39. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.[1]

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

COMPLAINT

8

40. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion of Plaintiff, namely, by engaging in unlawful and intrusive communications.

41. Defendants intentionally caused harm to Plaintiffs' emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invaded and intruded upon Plaintiffs' rights to privacy.

42. Plaintiffs have a reasonable expectation of privacy in their individual solitude, seclusion, and or private concerns or affairs.

43. These intrusions and invasions against Plaintiffs by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

44. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

45. Defendants also acted with oppression, fraud, and/or malice, thereby entitling Plaintiffs to punitive damages in an amount according to proof and a finder of fact at trial.

## THIRD CLAIM FOR RELIEF - NEGLIGENCE

46. Plaintiffs incorporate by reference the above paragraphs as though fully stated herein below.

47. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

48. Defendants negligently inflicted emotional distress upon Plaintiff(s).

49. Defendants breached a duty imposed and failed to exercise ordinary care.

50. Defendants owed Plaintiff(s) a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal

COMPLAINT

Code §653m and the Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)).

51. The breach of such duty proximately caused injury to Plaintiff(s).

52. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff(s) from.

53. Plaintiffs are members of the class of persons the statutes were designed to protect.

54. Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

55. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff(s) has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused Plaintiff(s) harm, as noted above.

56. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff(s) to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to Plaintiffs' rights.

## FOURTH CLAIM FOR RELIEF - TCPA
*(Telephone Consumer Protection Act)*

57. Plaintiffs repeat, re-allege and incorporate by reference all other paragraphs.

58. At all times relevant to this complaint, Plaintiffs were and are "person[s]" as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 153(32).

59. At all times relevant to this complaint, the Defendants have owned, operated, and or controlled "customer premises equipment" as defined by

COMPLAINT

the TCPA, 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

60. The Defendants at all times relevant to the complaint herein engaged in "telecommunications" defined by the TCPA, 47 U.S.C § 153(43).

61. The Defendants at all times relevant to this Complaint engaged and engages in "interstate communications" by the TCPA, 47 U.S.C. § 153(22).

62. At all times relevant to this Complaint, Defendants used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

63. At all times relevant to this complaint, the Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

64. Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone cellular phone(s), without Plaintiff(s)' consent or for emergency purposes.

65. Defendants' violations were willful and knowing.

66. As a result of these violations of the TCPA, Defendants are liable to Plaintiff(s) for statutory damages, including treble damages.

67. Defendants engaged in willful and knowing violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

COMPLAINT

68. Defendants used an automated telephone dialing system and pre-recorded messages to telephone Plaintiff(s)' cellular telephone, without consent.

69. Defendants' acts were willful, intentional and knowing.

70. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiffs to punitive damages in an amount according to proof and a finder of fact at trial.

71. Plaintiffs are entitled to recover actual and punitive damages.

## FIFTH CLAIM FOR RELIEF – NEGLIGENT TRAINING AND SUPERVISION

72. Plaintiffs incorporate by reference the above paragraphs as though fully stated herein below.

73. Defendants negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff(s).

74. Defendants' employees and agents' outrageous, abusive and intrusive acts as described herein constituted negligence.

75. Defendants' employees and agents' negligently inflicted emotional distress upon Plaintiff(s).

76. Defendants' employees and agents' breached a duty imposed and failed to exercise ordinary care.

77. Defendants employees and agents' owed Plaintiff(s) a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m and the Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)).

78. Defendants negligently trained its employees.

79. Defendants negligently supervised its employees.

80. The breach of such duty proximately caused injury to Plaintiff(s).

COMPLAINT

81. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff(s) from.

82. Plaintiffs are members of the class of persons the statutes were designed to protect.

83. Defendants' employees and agents' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

84. As a direct and proximate result of Defendants' employees and agents' unlawful conduct, Plaintiff(s) has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused Plaintiff(s) harm, as noted above.

85. Defendants' employees and agents' acted with oppression, and/or malice, thereby entitling Plaintiff(s) to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to Plaintiffs' rights.

/ / /


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, respectfully prays that judgment be entered against the Defendants for the following:

A. Actual, statutory and punitive damages.

B. Statutory damages pursuant to Civil Code §§ 1788.30(b) and 1788.17 (via incorporation of 15 U.S.C. §1692k);

C. Statutory damages pursuant to the TCPA (including a trebling of those damages);

C. Punitive damages, pursuant to Cal. Civil Code §3294;

COMPLAINT

D. Costs and reasonable attorney's fees pursuant to Cal. Civil Code §§ 1788.30 and 1788.17 (via incorporation of §15 U.S.C. 1692k);

E. Injunctive relief pursuant to 47 U.S.C. 227(b)(3)(A), and;

F. For such other and further relief as may be just and proper.

Respectfully submitted,

June 7, 2015                    /S/ Ivan M. Lopez Ventura
Date                           Ivan M. Lopez Ventura, Counsel for Plaintiff
                               IVAN LOPEZ VENTURA, Bar No. 255743
                               5155 West Rosecrans Avenue Ste., 224
                               Hawthorne, CA 90250
                               Tel:  714-788-4804
                               Fax:  949- 266-8230
                               lopezesq@gmail.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

June 7, 2015                    /S/ Ivan M. Lopez Ventura
Date                           Ivan M. Lopez Ventura, Counsel for Plaintiff
                               IVAN LOPEZ VENTURA, Bar No. 255743
                               5155 West Rosecrans Avenue Ste., 224
                               Hawthorne, CA 90250
                               Tel:  714-788-4804
                               Fax:  949- 266-8230
                               lopezesq@gmail.com

COMPLAINT