GARY L. BARR (State Bar No. 75771)
MARK S. BLACKMAN (State Bar No. 119466)
ALPERT, BARR & GRANT
A Professional Law Corporation
6345 Balboa Boulevard, Suite I-300
Encino, California 91316-1523
PHONE: (818) 881-5000; FAX: (818) 881-1150

Attorneys for Defendant 21st MORTGAGE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(LOS ANGELES DIVISION)

| | |
|---|---|
| MARTINA URIBE; JUAN URIBE FERNANDEZ; MARIBEL URIBE,<br><br>Plaintiffs,<br><br>vs.<br><br>21st MORTGAGE CORPORATION,<br><br>Defendant. | CASE NO. 2:15-cv-05859-MWF-AS<br><br>**DEFENDANT 21ST MORTGAGE CORPORATION'S AMENDED PETITION:**<br><br>**(1) TO COMPEL ARBITRATION OF ALL DISPUTES PURSUANT TO A WRITTEN ARBITRATION AGREEMENT; AND**<br><br>**(2) TO STAY PROCEEDINGS IN THE FEDERAL COURT ACTION**<br><br>DATE:    October 5, 2015<br>TIME:    10:00 a.m.<br>PLACE:  Ctrm 1600<br>              312 N. Spring Street<br>              Los Angeles, CA 90012<br><br>Complaint Filed: June 7, 2015 |

COMES NOW DEFENDANT, 21st MORTGAGE CORPORATION ("21st Mortgage") which petitions this Court for an order compelling Plaintiffs,

F:\WPDOCS\ASK\6175\032\Petition to Compel Arbtration (090315).doc        i        USDC Case No. 2:15-cv-05859-MWF-AS – *Uribe, et al. v. 21st Mortgage*

**DEFENDANT 21ST MORTGAGE CORPORATION'S AMENDED PETITION: (1) TO COMPEL ARBITRATION ON ALL DISPUTES PURSUANT TO AN ARBITRATION AGREEMENT; AND (2) TO STAY PROCEEDINGS IN THE FEDERAL COURT ACTION**

1  MARTINA URIBE, JUAN URIBE FERNANDEZ, and MARIBEL URIBE
2  ("Plaintiffs") to arbitrate all disputes between Plaintiffs and 21st Mortgage pursuant
3  to an Arbitration Agreement executed by all parties on April 8, 2008. Plaintiffs
4  signed an Installment Contract-Security Agreement ("Security Agreement") and an
5  Arbitration Agreement ("Arbitration Agreement") agreeing to submit all disputes
6  to binding arbitration with limited discovery.

7      While Plaintiffs obtained the benefit of the Security Agreement with 21st
8  Mortgage (and obtained their loan to acquire a mobile home), they now seek to
9  limit the provisions of the Arbitration Agreement they each voluntarily signed.
10 Plaintiffs have stated that they are willing to arbitrate the case, but seek to change
11 the rules regarding (1) discovery; (2) sharing the cost of the arbitration; (3) 21st
12 Mortgage's right to arbitrate its claims against Plaintiffs; and (4) 21st's Mortgage's
13 right to collect its attorney's fees if it prevails in the arbitration.

14     This petition is based on this Petition, the Security Agreement and the
15 Arbitration Agreement which are attached to the declaration of Troy Fussell, filed
16 and served herewith and upon such other and further documents and arguments as
17 the Court may consider in this matter. This petition is made following the
18 conference of counsel pursuant to L.R. 7-3 which took place on July 31, 2105.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

F:\WPDOCS\ASK\6175\032\Petition to Compel Arbitration (090315).doc    ii    USDC Case No. 2:15-cv-05859-MWF-AS – *Uribe, et al. v. 21st Mortgage*

**DEFENDANT 21ST MORTGAGE CORPORATION'S AMENDED PETITION: (1) TO COMPEL ARBITRATION ON ALL DISPUTES PURSUANT TO AN ARBITRATION AGREEMENT; AND (2) TO STAY PROCEEDINGS IN THE FEDERAL COURT ACTION**

## STATEMENT OF FACTS

On April 8, 2008, Plaintiffs Martina Uribe, Juan Uribe Fernandez and Maribel Uribe (collectively "Plaintiffs") sought and obtained a manufactured home loan to acquire a 1977 Goldenwest "Sunnybrook" mobilehome, Serial No A/B777173, Decal No. LBG1166 (the "Subject Property").

In connection therewith, Plaintiffs executed the Security Agreement with 21st Mortgage. A true and correct copy of the Security Agreement is attached to the Declaration of Troy Fussell as Exhibit "1" and is incorporated herein by this reference.

Page 4 of the Security Agreement provides in the largest bold-face type on the page, in block capital letters, the following:

> "ACCEPTED: BORROWER ACKNOWLEDGES THAT A SEPARATE ALTERNATIVE DISPUTE RESOLUTION AGREEMENT (ARBITRATION AGREEMENT) IS A PART OF THIS CONTRACT."

The Security Agreement also states in a slightly smaller font and all bold-face type in block capital letters:

> "NOTICE TO THE BORROWER: DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF CONTRACT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN.
>
> ACKNOWLEDGEMENT: I AGREE TO ALL OF THE TERMS ON ALL OF THE PAGES OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS CONTRACT.
>
> CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT."

On April 8, 2008, in connection with the execution of the Security Agreement, Plaintiffs signed the Arbitration Agreement. A true and correct copy of the Arbitration Agreement executed by Plaintiffs and 21st Mortgage is attached to the Declaration of Troy Fussell as Exhibit "2" and is incorporated herein by this reference.

Pursuant to the provisions of the Arbitration Agreement, Plaintiffs and 21st Mortgage

> " ... mutually agree[d] to resolve any and all claims or controversies for liability, damages or expenses arising out of or in connection with the home, the contract [Security Agreement] or any warranty representations, or agreements related thereto (hereinafter referred to as "Claims") by submission of such claim to binding arbitration pursuant to the Federal Arbitration Act 9 U.S.C. §1. The Arbitration shall be conducted in accordance with the American Arbitration Association's commercial rules in the state in which the contract is executed. Each party in such arbitration shall bear their own expenses and shall be permitted to depose one individual and any expert witness designated by another party."

At the bottom of the Arbitration Agreement in large block capital letters is the statement:

> "THIS IS AN IMPORTANT LEGAL DOCUMENT. IF YOU DO NOT UNDERSTAND IT, DO NOT SIGN IT AND SEEK LEGAL HELP!"

Plaintiffs executed both the Security Agreement and the Arbitration Agreement.

Sometime thereafter, Plaintiffs defaulted on their obligations under their Security Agreement when Plaintiffs failed to make timely rental payments to the mobile home park where the Subject Property was located. Payment of space rent

F:\WPDOCS\ASK\6175\032\Petition to Compel Arbtration (090315).doc    2    USDC Case No. 2:15-cv-05859-MWF-AS – *Uribe, et al. v. 21st Mortgage*

**DEFENDANT 21ST MORTGAGE CORPORATION'S PETITION: (1) TO COMPEL ARBITRATION ON ALL DISPUTES PURSUANT TO AN ARBITRATION AGREEMENT; AND (2) TO STAY PROCEEDINGS IN THE FEDERAL COURT ACTION**

was a requirement under the terms of the Security Agreement and the Plaintiffs' failure to make timely payment subjected the home to the imposition of a lien senior to 21st Mortgage's lien. (Security Agreement, "Advances to Protect the Home" and "Other Terms and Conditions".) Under the California Mobilehome Residency Law, California *Civil Code* §798.55 et. seq., (the "MRL"), if the borrower defaults on his or her obligations to the mobilehome park for space rent and other charges the mobilehome park obtains the right to impose and later foreclose on a warehouseman's lien which lien becomes senior to the lender. (California *Civil Code* §798.56a(e).

### Plaintiffs' Federal Court Lawsuit

On June 7, 2015, Plaintiffs commenced a Federal Civil Court Action against 21st Mortgage in the Southern District of California (even though the Security Agreement and Arbitration Agreement were entered into in Los Angeles County and even though the Subject Property and the Plaintiffs are located in Los Angeles County). 21st Mortgage is a Delaware corporation with its principal place of business in Tennessee). 21st Mortgage is authorized to do business in the State of California.

1. **Plaintiffs' Claims.**

In their complaint, Plaintiffs alleged violation of the Rosenthal (California) Fair Debt Collection Practices Act ("RFDCPA"), the Telephone Communications Practices Act ("TCPA") Intrusion upon Seclusion, Negligence and Negligent Training and Supervision (the "Plaintiffs' Claims").

2. **21st Mortgage's Claims against Plaintiffs**

21st Mortgage has a claim against Plaintiffs in the sum of $63,178.43. Said claim is based on Plaintiffs' breach of contract when 21st Mortgage became a sold out junior lienholder on the mobile home loan when the mobile home park, which

F:\WPDOCS\ASK\6175\032\Petition to Compel Arbtration (090315).doc     3     USDC Case No. 2:15-cv-05859-MWF-AS – *Uribe, et al. v. 21st Mortgage*

**DEFENDANT 21ST MORTGAGE CORPORATION'S PETITION: (1) TO COMPEL ARBITRATION ON ALL DISPUTES PURSUANT TO AN ARBITRATION AGREEMENT; AND (2) TO STAY PROCEEDINGS IN THE FEDERAL COURT ACTION**

evicted Plaintiffs, conducted a warehouseman's lien sale pursuant to California *Civil Code* §798.56a(e). ("21st Mortgage's claims").  Pursuant to California *Civil Code* §798.56a(e), the mobilehome park's lien becomes senior to all liens except liens from the State of California

### 3. Stipulation for Change of Venue

At the request of 21st Mortgage, the parties stipulated to a change of venue to the Central District of California where the case was assigned Case No. 2:15-CV-05859.

### 4. Arbitration.

21st Mortgage also sought a stipulation to submit the case to binding arbitration pursuant to the Arbitration Agreement. While Plaintiffs initially agreed to arbitrate the case, Plaintiffs thereafter demanded that (a) 21st Mortgage's claims against Plaintiffs be excluded; (b) the limited discovery provided for in the Arbitration Agreement be modified by the Arbitrator; (c) 21st Mortgage pay all or substantially all of the Arbitration Fees; and (d) 21st Mortgage waive its attorneys' fees claims if it is the prevailing party.

Plaintiffs refused to sign the stipulation unless it contained all of the concessions they demanded.

Based on Plaintiffs' refusal to sign a stipulation to submit this matter to arbitration, 21st Mortgage hereby moves this Court for an order compelling arbitration pursuant to the provisions of the Arbitration Agreement and the Federal Arbitration Act, 9 U.S.C. §1, *et seq*.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. The Arbitration Agreement is enforceable under the Federal Arbitration Act.

In *Davis v. Nordstrom, Inc.* (9th Cir. 2014) 755 F3d 1089, the 9th Circuit Court of Appeal held that an agreement to arbitrate under 9 U.S.C. 1, *et. seq.* is enforceable.

> The Federal Arbitration Act ("FAA"). 2 U.S.C. §§ 1, *et seq.*, reflects a "liberal federal policy" in favor of arbitration, <u>Concepcion,</u> 131 S. St. at 1745. Under the FAA, the role of the district court is to determine if a valid arbitration agreement exists, and if so, whether the agreement encompasses the dispute at issue. *Kilgore,* 718 F.3d at 1057-58.

*Davis v. Nordstrom, supra,* 755 F.2d 1089, 1092.

In *Shearson/Am. Express v. McMahon*, 482 U.S. 220, 226-27, 107 S.Ct. 2332, 2337-38 (1987), the United States Supreme Court held that:

> "The Arbitration Act thus establishes a "federal policy favoring arbitration," *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983), requiring that "we rigorously enforce agreements to arbitrate." *Dean Witter Reynolds Inc. v. Byrd*, supra, at 221. This duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights. As we observed in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, "we are well past the time when judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals" should inhibit enforcement of the Act "'in controversies based on statutes.'" 473 U.S., at 626-627, quoting *Wilko v. Swan, supra,* at 432. Absent a well-founded claim that an arbitration agreement resulted from

the sort of fraud or excessive economic power that "would provide grounds 'for the revocation of any contract,'" 473 U.S., at 627, the Arbitration Act "provides no basis for disfavoring agreements to arbitrate statutory claims by skewing the otherwise hospitable inquiry into arbitrability." *Ibid.*

"The Arbitration Act, standing alone, therefore mandates enforcement of agreements to arbitrate statutory claims. Like any statutory directive, the Arbitration Act's mandate may be overridden by a contrary congressional command. The burden is on the party opposing arbitration, however, to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue. See *id.*, at 628. If Congress did intend to limit or prohibit waiver of a judicial forum for a particular claim, such an intent "will be deducible from [the statute's] text or legislative history," *ibid.*, or from an inherent conflict between arbitration and the statute's underlying purposes. See *id.*, at 632-637; *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S., at 217.

*Shearson/Am. Express v. McMahon*, 482 U.S. 220, 226-27, 107 S.Ct. 2332, 2337-38 (1987).

  In the case at bar, Plaintiffs sought and obtained a loan from 21st Mortgage to finance the purchase of the Subject Property.

  Plaintiffs specifically entered into the Arbitration Agreement after being warned in both the Security Agreement and the Arbitration Agreement they signed to obtain their loan and their mobilehome about the rights and obligations under

F:\WPDOCS\ASK\6175\032\Petition to Compel Arbtration (090315).doc   6   USDC Case No. 2:15-cv-05859-MWF-AS – *Uribe, et al. v. 21st Mortgage*

**DEFENDANT 21ST MORTGAGE CORPORATION'S PETITION: (1) TO COMPEL ARBITRATION ON ALL DISPUTES PURSUANT TO AN ARBITRATION AGREEMENT; AND (2) TO STAY PROCEEDINGS IN THE FEDERAL COURT ACTION**

the Arbitration Agreement.

Plaintiffs who accepted the benefits of the loan agreement by obtaining title to the Subject Property and obtaining the loan from 21st Mortgage now seek to avoid their obligations under the Arbitration Agreement and/or seek to change/avoid the rules they agreed to with regard to discovery and arbitrability.

There has been no waiver of any rights to arbitrate 21st Mortgage's claims and 21st Mortgage should be entitled to have its claims arbitrated in the same manner as Plaintiffs' claims.

In this case, there are two disputes- Plaintiffs' Claims and 21st Mortgage's claims and both should be arbitrated. Both Plaintiffs' Claims and 21st Mortgage's Claims constitute "any and all claims or controversies for liability, damages or expenses arising out of or in connection with the home, the contract or any warranties, representations or agreements related thereto," and 21st Mortgage is entitled to have all claims be decided at arbitration.

For these reasons, it is respectfully requested that this Court compel Plaintiffs (and 21st Mortgage) to submit **all claims** to binding arbitration in accordance with the provisions of the Arbitration Agreement.

2. <u>9 U.S.C. §4 permits the aggrieved party to seek an order compelling arbitration.</u>

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for Arbitration may petition any United States District Court which, save for such agreement, would have jurisdiction under Title 28 [28 USCS §§ 1 et seq.] in a civil action or in admiralty of the subject mailer of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner

> provided by the Federal Rules of Civil Procedure [USCS Rules of Civil Procedure]. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

As set forth above, Plaintiffs received the benefits of their loan agreement and agreed to comply with the rules set forth in the Arbitration Agreement. Therefore, Plaintiffs should be compelled to have this matter and all claims decided by an arbitrator pursuant to the provisions of the Arbitration Agreement.

### 2. **9 U.S.C. § 3 permits the Court to stay Federal Court Proceedings pending completion of arbitration.**

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

As set forth above, the parties voluntarily entered into the binding Arbitration Agreement to resolve almost all disputes (except eviction/repossession which are not at issue in this case). Plaintiffs received the benefits of the Security Agreement and obtained a loan but now seek to avoid or alter their obligations thereunder. This matter should be ordered to binding arbitration pursuant to the terms set forth in the Arbitration Agreement.

///

F:\WPDOCS\ASK\6175\032\Petition to Compel Arbtration (090315).doc    8    USDC Case No. 2:15-cv-05859-MWF-AS – *Uribe, et al. v. 21st Mortgage*

**DEFENDANT 21ST MORTGAGE CORPORATION'S PETITION: (1) TO COMPEL ARBITRATION ON ALL DISPUTES PURSUANT TO AN ARBITRATION AGREEMENT; AND (2) TO STAY PROCEEDINGS IN THE FEDERAL COURT ACTION**

Pending the completion of the arbitration, Plaintiffs' Federal Court action should be stayed pursuant to 9 U.S.C. § 3.

ALPERT, BARR & GRANT
A Professional Law Corporation

Dated: September __2__, 2015

By: *Mark S. Blackman*

MARK S. BLACKMAN
Attorneys for Defendant 21st
MORTGAGE CORPORATION

C:\Users\brown\Desktop\Petition to Compel Arbitration (090115) (00000002).doc   9   USDC Case No. 15-cv-1268-AJB-RBB – Uribe, et al. v. 21st Mortgage

DEFENDANT 21ST MORTGAGE CORPORATION'S PETITION: (1) TO COMPEL ARBITRATION ON ALL DISPUTES PURSUANT TO AN ARBITRATION AGREEMENT; AND (2) TO STAY PROCEEDINGS IN THE FEDERAL COURT ACTION

MARTINA URIBE, et al. V. 21st MORTGAGE CORPORATION
USDC, CENTRAL DISTRICT OF CALIFORNIA Case No. 2:15-cv-05859-MWF-AS

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6345 Balboa Boulevard, Suite I-300, Encino, California 91316-1523.

On September 4, 2015, I served the following document described as **DEFENDANT 21ST MORTGAGE CORPORATION'S AMENDED PETITION: (1) TO COMPEL ARBITRATION OF ALL DISPUTES PURSUANT TO A WRITTEN ARBITRATION AGREEMENT; AND (2) TO STAY PROCEEDINGS IN THE FEDERAL COURT ACTION** on the persons on the attached Service List in this action, as follows:

[ X ] **By E-mail or Electronic Transmission.** I hereby certify that on September 2, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

## Attorneys for Plaintiffs MARTINA URIBE, JUAN URIBE FERNANDEZ, MARIBEL URIBE

Ronald Wilcox
Email: ronaldwilcos@gmail.com

Ivan Lopez Ventura
Email: lopezesq@gmail.com

Executed on September 4, 2015, at Encino, California.

[ X ] **(Federal)**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Leah Browitt
Type or Print Name

_(Signature)_