RONALD WILCOX, Bar No. 176601
1900 The Alameda Ste., 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
ronaldwilcox@gmail.com

IVAN LOPEZ VENTURA, Bar No. 255743
5155 West Rosecrans Avenue Ste., 224
Hawthorne, CA 90250
Tel:  714-788-4804
Fax:  949- 266-8230
lopezesq@gmail.com

Counsel for the Plaintiffs
MARTINA URIBE
JUAN URIBE FERNANDEZ
MARIBEL URIBE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# (LOS ANGELES DIVISION)

| | |
|---|---|
| MARTINA URIBE<br>JUAN URIBE FERNANDEZ<br>MARIBEL URIBE<br><br>Plaintiffs,<br><br>v.<br><br>21st MORTGAGE CORPORATION;<br>DOES 1 THROUGH 10<br><br><br>Defendants. | Case No.: 15-CV-05859-MWF-AS<br><br>**OPPOSITION TO DEFENDANT'S PETITION TO COMPEL ARBITRATION**<br><br>Date:  October 5, 2015<br>Time: 10 a.m.<br>Place: Ctrm 1600<br>           312 N. Spring Street<br>           Los Angeles, CA 90012 |

**OPPOSITION TO DEFENDANT'S PETITION TO COMPEL ARBITRATION** 1

## I.     INTRODUCTION

Defendant's Petition to Compel Arbitration essentially asks Your Honor to ignore the holdings of the Central District of California and compel arbitration under an agreement that is permeated with unconscionablity in that: (1) it unfairly limits discovery to one fact deposition; and (2) it lacks mutuality as it allows the company to its bring claims in court, but requires consumers to bring all of their claims in arbitration.

## II.    LEGAL PRINCIPLES

• Under California law, a court may refuse to enforce the entire arbitration agreement when it is "permeated by unconscionability." *Armendariz v. Foun. Health Psychare Servs., Inc*., 24 Cal. 4th 83, 122 (2000).

• Courts may invalidate otherwise valid arbitration agreements when the agreement contains provisions that are unconscionable or contrary to public policy. *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 99 (2000).

• The Central District of California recently denied a Motion to Compel Arbitration where the agreement contained two unconscionable provisions, including limiting the Plaintiff to two lay depositions and one expert deposition. *Reyes v. United Healthcare Servs*., 2014 U.S. Dist. LEXIS 111645 (C.D. Cal. Aug. 11, 2014).

## III.   LEGAL DISCUSSION

Defendant seeks to compel arbitration under an arbitration agreement that is permeated with unconscionability.  First, the agreement unfairly limits Plaintiffs to

**OPPOSITION TO DEFENDANT'S PETITION TO COMPEL ARBITRATION** 2

one fact deposition.[1]  Second, the agreement lacks mutuality, allowing the Defendant to sue Plaintiffs in court, but requiring Plaintiffs to bring any claims to arbitration.[2]  For the reasons stated herein, Defendant's Petition to Compel Arbitration must be denied because the arbitration agreement is unconscionable and therefore unenforceable as a matter of law.

### A.     The Arbitration Agreement Is Unconscionable.

Courts may invalidate an otherwise valid arbitration agreement when the agreement contains provisions that are unconscionable or contrary to public policy.  *Armendariz*, 24 Cal. 4th at 99.  Under Cal. Civ. Code § 1670:

> If the court as a matter of law finds the contract or any clause in the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionability clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.[3]

---

[1]  Under the terms of the arbitration agreement, "Each party in such arbitration shall bear their own expenses, and shall be permitted to depose one individual and any expert witness designated by another party."  (Dkt. 16-2, at p. 12).

[2]  As stated in the arbitration agreement, "[n]otwithstanding anything to the contrary contained herein, the holder of the contract [21st Mortgage] retains an option to use the judicial or non-judicial relief afforded in the contract and pursuant to applicable law for the repossession of the home or the enforcement of the Borrower's monetary obligation or any other security interest held by the holder."  (Dkt. 16-2, at p. 12).

[3]  The United States Supreme Court, in interpreting the same language found in Section 2 of the Federal Arbitration Act, recognized that " 'generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalid arbitration agreements.' "  *Reyes*, 2014 U.S. Dist. LEXIS 111645, at *3 (*quoting AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011)).

**OPPOSITION TO DEFENDANT'S PETITION TO COMPEL ARBITRATION** 3

" 'Unconscionability' " has both a 'procedural' and 'substantive' element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Reyes*, 2014 U.S. Dist. LEXIS 111645, at *7 (*citing Armendariz*, 24 Cal. 4th at 114); *Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74, 83 (2d Dist. 2014). While procedural and substantive unconscionability must both be present, they need not be present to the same degree. *Id.* Instead, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa. *Id.* at 7-8. As explained herein, the arbitration agreement is procedurally and substantively unconscionable and is therefore unenforceable.

### 1. The Arbitration Agreement is a contract of adhesion and therefore is procedurally unconscionable.

Procedural unconscionability is present when there is "oppression or surprise due to unequal bargaining power." *Reyes*, 2014 U.S. Dist. LEXIS 111645, at *7 (*citing Armendariz*, 24 Cal. 4th at 114); *Nyulassy v. Lockheed Martin Corp.*, 120 Cal. App. 4th 1267, 1280 (6th Dist. 2004). Here, the mere fact that the arbitration clause is contained in a contract of adhesion is a sufficient ground, in itself, for the provision to be found procedurally unconscionable. *See Flores v. Transamerica HomeFirst Inc.*, 93 Cal. App. 4th 846, 853-54 (1st Dist. 2001) ("A finding of a contract of adhesion is essentially a finding of procedural unconscionability.");

**OPPOSITION TO DEFENDANT'S PETITION TO COMPEL ARBITRATION** 4

*Capili v. Finish Line, Inc.*, 15-cv-01158-HSG, 2015 U.S. Dist. LEXIS 95685 (N.D. Cal. July 22, 2015) ("Under California law, a contract of adhesion has an element of procedural unconscionability because it is "presented on a take-it-or-leave-it basis and [is] oppressive due to 'an inequality of bargaining power that result[ed] in no real negotiation and an absence of meaningful choice.'") (citation omitted).

**2. The arbitration clause is substantively unconscionable because it limits Plaintiffs to one deposition and lacks mutuality.**

**a. The arbitration clause is substantively unconscionable because it limits Plaintiffs to one fact deposition.**

Just recently the Hon. David O. Carter of the Central District of California denied a Motion to Compel Arbitration where the agreement contained two unconscionable provisions, including limiting the plaintiffs to two lay depositions, and one expert deposition. *Reyes*, 2014 U.S. Dist. LEXIS 111645, at *13. The Hon. David Carter stated:

> The court in *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 13 Cal. Rptr. 3d 88 (2004), determined that a limitation of two lay depositions and one expert deposition — although technically mutual — "does not have mutual effect" because "the employer already has in its possession many of the documents relevant to an employment discrimination as well as having in its employ many of the relevant witnesses." *Id*. at 716. "Given the complexity of employment disputes, the outcomes of which are often determined by the testimony of multiple percipient witnesses, as well as written information about the disputed employment practice, it will be the unusual instance where the deposition of two witnesses will be sufficient to present a case." *Id*. Although two days of lay depositions may, depending on their length, be less constraining than two total depositions, the same reasoning applies. Moreover, the arbitration agreement in *Fitz* granted the arbitrator

discretion to grant additional discovery. Id at 717. There is no such provision here. Indeed, it appears from the Arbitration Policy that neither party is entitled to additional discovery under any circumstances. Therefore, both the modification provision and the discovery limitations are substantively unconscionable.

Here, Defendant seeks to compel arbitration with an agreement that limits the Plaintiffs to one fact deposition. Thus, the agreement is unconscionable. *See also*, *Ferguson v. Countrywide Credit Indus*, 298 F.3d 778, 786 (9th Cir. 2002) (agreement unconscionable where it restricted discovery to three depositions (not counting expert depositions), and further limited the deposition of a corporate representative to no more than four designated subjects, and limited written discovery to 30 requests of any kind.); *Openshaw v. FedEx Ground Package Sys., Inc.*, 731 F. Supp. 2d 987, 995 (C.D. Cal. 2010) (In finding agreement unconscionable where it only permitted discovery regarding damages, the Court stated that "[a] limited discovery provision must not be so restrictive that it will prove insufficient to allow [plaintiff] a fair opportunity to present his claims.") (internal citation omitted).

### b.  The Agreement is unconscionable since it lacks mutuality; allowing Defendant to bring claims in Court, but requiring Plaintiffs to bring any claims in arbitration.

The California Court of Appeals denied a Motion to Compel Arbitration and held an agreement was substantively unconscionable when the business gave itself the choice to bring claims in court or arbitration, but required consumers to bring

**OPPOSITION TO DEFENDANT'S PETITION TO COMPEL ARBITRATION** 6

any claims in arbitration.  *Carmona*, 226 Cal. App. 4th at 87.  Other courts have also denied to compel arbitration on this basis, as is explained in **<u>Consumer Arbitration Agreements</u>**, §6.3, National Consumer Law Center (2015):

> Many courts have struck down one-sided arbitration clauses, in which a corporation reserves for itself the right to go to court but requires that its customers or employees take all of their disputes to arbitration, or that limit the potential remedies available to claimants.[4]

In other words, "arbitration provisions are unconscionable if they provide for the arbitration of claims most likely to be brought by the weaker party but exempt from arbitration claims most likely to be filed by the stronger party." *Baker v. Osborne Development Corp.*, 159 Cal. App. 4th 884, 896 (2008) (one-sided arbitration provision between home buyer and home builder unconscionable); *Fitz v. NCR Corp*, 118 Cal. App. 4th at 724-25 ("The [arbitration clause] is unfairly one-sided because it compels arbitration of the claims more likely to be brought by [the employee], the weaker party, but exempts from arbitration the types of claims that are more likely to be brought by [the employer], the stronger party.); *Capili*, 2015 U.S. Dist. LEXIS 95685, at *14 (finding substantive unconscionability where employer retained right to pursue claims it was most likely to bring in court).

---

[4] *Citing Taylor v. Butler*, 142 S.W.3d 277 (Tenn. 2004); *Wis. Auto Title Loans, Inc. v. Jones*, 714 N.W.2d 155 (Wis. 2006).

**OPPOSITION TO DEFENDANT'S PETITION TO COMPEL ARBITRATION** 7

Here, the arbitration clause mandates that Plaintiffs bring all of their claims in arbitration, but allows Defendant to bring any conceivable claim it has against Plaintiffs in courts. As such, the arbitration agreement is unfairly one-sided and therefore unconscionable.

### B. The Arbitration Agreement Must Be Invalidated.

The law is clear that when there are multiple unconscionable aspects of the agreement, it is "tainted with illegality" and to enforce it would encourage overreaching by creditors drafting consumer contracts. *Trompeter v. Ally Fin., Inc.*, 914 F. Supp. 2d 1067 (N.D. Cal. 2012) (*citing Armendariz*, 24 Cal. 4th at 124). As stated in *Reyes*, "where an 'arbitration agreement contains more than one unlawful provision,' this weighs against severance and 'indicates a systematic effort to impose arbitration . . .not simply as an alternative to litigation, but as an inferior forum that works to the [drafter's] advantage.' " *Reyes*, 2014 U.S. Dist. LEXIS 111645, at *14-15 (*quoting Armendariz* 24 Cal. 4th at 124). Here, given that there is more than one unlawful provision, one of which includes an unconscionable provision regarding discovery, the whole agreement must be rendered unenforceable. As stated in *Reyes*:

> [I]f the Court were to [only] sever the discovery provision, the Arbitration policy would contain no guidance on discovery. Severance is appropriate only if courts "have the *capacity* to cure the unlawful contract through severance or restriction of the offending clause." . . . The Court cannot rewrite the Arbitration policy by, for example, replacing the provision with the AAA discovery rules. *See*

**OPPOSITION TO DEFENDANT'S PETITION TO COMPEL ARBITRATION** 8

>*Fitz*, 118 Cal. App. 4th at 727 ("Replacing the [agreement]'s limitations on discovery with the rules of AAA would be in effect to rewrite the agreement. Courts cannot cure contracts by reformation or augmentation.") Therefore, the Court cannot sever the unenforceable provisions.

2014 U.S. Dist. LEXIS 111645, at *15 (emphasis in original). In sum, given that the arbitration agreement was a contract of adhesion and contains two unconscionable provisions, with one including a severe limitation on discovery, the whole agreement is unconscionable and therefore unenforceable, and Defendant's Petition to Compel Arbitration must be denied.

## IV.   CONCLUSION

WHEREFORE, for all the reasons stated herein, Plaintiff respectfully request that Defendant's Petition to Compel Arbitration be denied in its entirety.

Dated: September 14, 2015            /s/ Ivan Lopez Ventura
                                     Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed in the County of Los Angeles. I am over the age of 18 years and not a party to the within entitled action. My business address is 5155 West Rosecrans Avenue, Suite 224, Hawthorne, CA 90250. On September 14, 2015, I served a true and correct copy of:

**OPPOSITION TO DEFENDANT'S PETITION TO COMPEL ARBITRATION**

via CM/ECF electronic transmission system for the Central District of California. All parties to this case are registered users and service will be accomplished via the CM/ECF system as follows:

Alexander S Kasendorf   akasendorf@alpertbarr.com

Gary L Barr   gbarr@alpertbarr.com, cmuir@alpertbarr.com

Ivan Miguel Lopez-Ventura   ilecfbknotices@gmail.com

Mark S Blackman   mblackman@alpertbarr.com

Ronald Wilcox   ronaldwilcox@gmail.com

I declare I am a member of the bar of this Court.

Dated: September 14, 2015          /S/ Ivan M. Lopez Ventura
                                   Attorney for Plaintiffs